UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

HARVEY PETERSIEL,
JEAN PETERSIEL

    Plaintiff

vs.

BELL SPORTS, CORP.; BELL SPORTS, INC.; GIRO SPORT DESIGN INTERNATIONAL, INC.; and GSD LIQUIDATION, INC., f/k/a GIRO SPORT DESIGN, INC.

    **Defendants**

04-12050 RCL

MAGISTRATE JUDGE Alexander

RECEIPT # 8881
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 9/23/04

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### JURISDICTION

The United States District Court has jurisdiction over this matter on the basis of diversity of citizenship pursuant to 28 U.S.C., Sections 1332 and 1441 et seq., as the parties are citizens of different states.

### COUNT I

1.     The Plaintiffs, HARVEY PETERSIEL and JEAN PETERSIEL are residents of the Town of Hamilton, County of Essex, Commonwealth of Massachusetts.

2.     Defendant, BELL SPORTS CORP., is a foreign corporation organized and existing under the laws of the State of Delaware. This action arose out of a tort committed by Defendant, BELL SPORTS CORP., within the State of Massachusetts.

3.     Defendant, BELL SPORTS, IND., is a foreign corporation organized and existing under the laws of the State of California. This action arose out of a tort committed by Defendant, BELL SPORTS, INC., within the State of Massachusetts.

1

4. Defendant, GIRO SPORT DESIGN INTERNATIONAL, INC., is a foreign corporation organized and existing under the laws of the State of California. This action arose out of a tort committed by the Defendant, GIRO SPORT DESIGN INTERNATIONAL, INC., within the State of Massachusetts.

5. Defendant, GSD LIQUIDATION, INC., f/k/a GIRO SPORT DESIGN, INC., is a foreign corporation organized and existing under the laws of the State of California. This action arose out of a tort committed by Defendant, GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., within the State of Massachusetts.

6. On or about September 23, 2000, the Plaintiff was riding his bike when he suddenly hit a stick in the road. The Plaintiff fell hitting the pavement headfirst. As a result of the accident, the Plaintiff suffered serous and permanent head trauma and personal injury.

7. At the time of the accident on or about September 23, 2000, the Plaintiff was wearing a Giro Helios Helmet. Said helmet was less than two years old but upon impact, it shattered. Said helmet was designed, manufactured and constructed by Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC.

8. The injuries sustained by the Plaintiff, HARVEY PETERSIEL, were the direct and proximate result of the Defendants' breach of warranty, misrepresentation, negligence and gross negligence, including but not limited to:

   a. Defendants' failure to adequately design and manufacture the helmet so that it was safe to be used for the purpose in which it was created and marketed;

b. Defendants' misrepresentation to the Plaintiff and to the public that the Giro Helios helmet was safe to be used for the purpose in which it was created and marketed; and

c. Defendants' failure to warn the Plaintiff and the public that said helmet did not meet the Snell Standard.

9. As a direct and proximate result of the Defendants' breach of warranty, misrepresentation, negligence and gross negligence, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT II

1. The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I of this Complaint as if each were set forth here in its entirety.

2. The Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., are strictly liable to the Plaintiffs under the RESTATEMENT of Torts (2nd) Section 402B in misrepresenting to the public that the Giro Helios helmet met the Snell Standard and would protect the user in falls. The Defendants' statements and representations were false and involved material facts concerning the character or quality of the product in question.

3.  On or about September 23, 2000, the Plaintiff constructively relied on the Defendants' misrepresentations when he wore the Giro Helios helmet while bike riding. Neither the Plaintiff nor the average reasonable person would have known or had reason to know that the Giro Helios helmet was unsafe for use and below the Snell Standard.

4.  As a direct and proximate result of the Defendants' failure to inform the Plaintiff that the helmet was unsafe to use and below the Snell Standard, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

   WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT III

1.  The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I and Paragraphs One through Four of Count II of this Complaint as if each were set forth here in its entirety.

2.  The Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., could reasonably foresee that the Giro Helios helmet would be used by such persons as the Plaintiff in the manner in which it was being used at the time of his injuries on or about September 23, 2000.

3. The Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., specifically and impliedly warranted that their product was not defective, was not unreasonably dangerous, had been designed, manufactured, constructed and assembled in good and workmanlike manner and that its product was fit, safe and suitable for the purposes for which the same was intended. Said Defendants, breached such warranties because the Giro Helios helmet was unreasonably dangerous and was defective for the purposes for which it had been designed, manufactured, constructed, sold and delivered in that it was:

   a. Without sufficient impact and absorption capabilities to protect a person such as HARVEY PETERSIEL from head and brain injuries from a fall off a bicycle;
   b. Without sufficient and adequate warnings, instructions, or training; and
   c. In such a manner that the product would not likely protect one from injuries when used for a purpose which could reasonably be expected.

4. The Giro Helios helmet was defective when it left the hands of the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., and remained defective at all times until the Plaintiff's accident on or about September 23, 2000.

5. As a direct and proximate result of the Defendants' breach of the specifically and implied warranty, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT IV

1.  The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I, Paragraphs One through Four of Count II and Paragraphs One through Five of Count III of this Complaint as if each were set forth here in its entirety.

2.  Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., acting by and through its duly authorized representatives, agents, servants, and employees, were also negligent, careless and reckless in designing, manufacturing, distributing and selling the product that was unreasonably dangerous in that it was designed, manufactured, distributed and sold:

    a.  Without sufficient impact and absorption capabilities to protect a person such as HARVEY PETERSIEL from head and brain injuries from a fall off a bicycle;
    b.  Without sufficient and adequate warnings, instructions, or training; and
    c.  In such a manner that the product would not likely protect one from injuries when used for a purpose which could reasonably be expected.

3.  As a proximate result of the Defendants' negligence in selling a product that was unreasonably dangerous, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT V

1. The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I, Paragraphs One through Four of Count II, Paragraphs One through Five of Count III and Paragraphs One through Three of Count IV of this Complaint as if each were set forth here in its entirety.

2. Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., were also negligent and negligent per se. Such acts taken separately and together were each a producing and proximate cause of the Plaintiff's severe injuries; such negligence being not limited to:

   a. Failing to comply with the 1995 Snell Memorial Foundation Standard; and
   b. Failing to test the product to insure that it, complied with the 1995 Snell Memorial Foundation Standard.

3. Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., were negligent in each and all of the following respects. Such acts taken separately and together were each the producing and proximate cause of the production and sell of the defective Giro Helios helmet and of the Plaintiff's severe injuries; such negligence being not limited to:

   a. Failing to adequately and sufficiently test said product;
   b. Placing said product on the market with the defects and unsafe conditions that existed;

7

    c. Failing to plan, design and construct said product in a manner that would be reasonably safe and prevent the consequences mentioned when used for the purposes for which it was intended;

    d. Planning, designing and constructing said product in a manner that it was not reasonably safe when used for the purposes for which it was intended;

    e. Failing to provide adequate safety devices to prevent the consequences mentioned due to the defective conditions of said product;

    f. Failing to give adequate and sufficient notice, warnings, instructions and training concerning the use of said product, and of the dangerous, hazardous and defective conditions that existed;

    g. Failing to recall or timely recall the products.

4.    As a proximate result of the negligence described, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

    WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT VI

1.    The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I, Paragraphs One through Four of Count II, Paragraphs One through Five of Count III, Paragraphs One through Three of Count IV and Paragraphs One through Four of Count V of this Complaint as if each were set forth here in its entirety.

8

2. JEAN PETERSIEL is the wife of Plaintiff, HARVEY PETERSIEL.

3. As a further direct and proximate result of the Defendants' negligence, breach of warranties and misrepresentation to the public, the Plaintiff, JEAN PETERSIEL, has had severely restricted the benefit of society, companionship, and consortium of her husband, all to her great damage.

WHEREFORE, the Plaintiff, HARVEY PETERSIEL prays judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described injuries together with interest and cost.

Respectfully submitted, this 22nd day of September, 2004.

HARVEY PETERSIEL and JEAN
PETERSIEL, Plaintiffs
By their attorney,

_____
Kenneth M. Levine, 296850
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA 02446
617-566-2700

9