UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HARVEY PETERSIEL and )
JEAN PETERSIEL )
)
Plaintiffs, )
v. ) C.A. NO.: 04-12050 RCL
)
BELL SPORTS CORP.; )
BELL SPORTS, INC.; )
GIRO SPORT DESIGN )
INTERNATIONAL, INC.; )
and GSD LIQUIDATION, INC., )
f/k/a GIRO SPORT DESIGN, INC. )
)
Defendants. )

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, BELL SPORTS CORP., BELL SPORTS, INC., AND GIRO SPORT DESIGN INTERNATIONAL, INC.'S, MOTION TO DISMISS

FACTUAL AND PROCEDURAL HISTORY

This is a diversity action brought by the Plaintiffs, Harvey Petersiel and his wife, Jean Petersiel, against the Defendants, Bell Sports Corp, Bell Sports, Inc., and Giro Sport Design International, Inc., alleging negligent design, manufacture, distribution and sale of a bicycle helmet. The Complaint alleges that Plaintiff Harvey Petersiel was wearing the helmet at issue while riding his bicycle, on September 23, 2000, when he hit a stick in the road and fell hitting his head on the pavement. (Plaintiffs' Complaint, attached hereto as Exhibit "A", Count I, ¶ 6). According to the Complaint, at the time of the accident, the helmet shattered and Mr. Petersiel sustained a head trauma and other personal injuries. (Exhibit "A", Count I, ¶ 6 and 7).

The Plaintiffs' Complaint defines this matter as an action in tort. (Exhibit "A", Count I, ¶ 2-5, "action arose out of a tort"). The Complaint asserts counts for breach of warranty, misrepresentation, negligence, gross negligence, and loss of consortium. (Exhibit "A", Count I, ¶ 8 and Counts II-VI). The present Complaint was filed, on September 22, 2004, one day short of four years from the date of the accident. (See the Court stamp on page 1 of Exhibit "A"; see also pg. 9).

The Plaintiffs had filed an identical Complaint one year earlier, on September 22, 2003. (Complaint in the matter of Petersiel v. Bell Sports Corp., Civil Action No. 03-11841-RCL, attached hereto as Exhibit "B"). The 2003 Complaint was dismissed by Order of the Court, on April 8, 2004, for failure of the Plaintiffs to file proof of service or to show good cause why service had not been made as previously ordered on March 9, 2004. (Order of Dismissal, attached hereto as Exhibit "C").

On July 29, 2004, over three and a half months later, the Plaintiffs filed a Motion to Vacate Judgment of Dismissal and Request for Extension of Time to Complete Service of Process. (Plaintiffs' Motion to Vacate Judgment of Dismissal and Request for Extension of Time to Complete Service of Process with attached Affidavit of Kenneth M. Levine, attached hereto as Exhibit "D"). The Plaintiffs' filing acknowledges that the statute of limitations on Plaintiff's action has "expired" and that the Plaintiffs will be "time barred" if relief is not granted. (Exhibit "D", Affidavit at ¶ 8). The Plaintiffs' proffered excuse was that an employee of Plaintiffs' Counsel had neglected to serve the Complaint. (Exhibit "D", Motion at ¶ 3 and Affidavit at ¶ 3). The Motion and attached Affidavit state that Plaintiffs' Counsel was unaware that service had not been made, that the Court had provided notice of the lack of service and an

2

opportunity to correct the defect, and that the Plaintiffs' action had been dismissed. (Exhibit "D", Motion at ¶ 4 and Affidavit at ¶ 7).

The Plaintiffs' Motion to Vacate Judgment of Dismissal and Request for Extension of Time to Complete Service of Process was denied by Order of the Court on August 19, 2004. (Civil Docket for Case #: 03-11841-RCL, attached hereto as Exhibit "E"). One month later, the Plaintiffs filed the instant Complaint fully aware that the statute of limitations on Plaintiffs' cause of action had expired. (Exhibit "A").

## ARGUMENT

Dismissal of a federal action on statute of limitations grounds is appropriate if the infirmity is apparent on the face of the complaint. Although the statute of limitations is an affirmative defense, it may be asserted by way of a motion to dismiss if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The standard when analyzing the complaint under Rule 12(b)(6) is whether it is clear from the face of the complaint that plaintiff's claims are time-barred. LaGrasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004); Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 (5th Cir. 1997); Swedish Civil Aviation Admin. v. Project Management Enterprises, Inc. 190 F. Supp. 2d 785, 790, 795 (D.Md. 2002).

The Massachusetts three-year statute of limitations on personal injury actions, M.G.L. c. 260, § 2A, governs Plaintiffs' cause of action. It is clear on the face of the Complaint that the Plaintiffs' claims are time-barred. (Exhibit "A"). The accident occurred on September 23, 2000 and the Complaint was filed almost four years later on September 22, 2004. (Exhibit "A"). The Plaintiffs, in fact, concede in filings with this Court that the statute of limitations applicable to

this cause of action has expired and, therefore, dismissal under Rule 12(b)(6) is appropriate. (Exhibit "D").

Any effort by the Plaintiffs to rely on the Massachusetts savings statute to preserve their cause of action must fail. The Massachusetts savings statute, M.G.L. c. 260, § 32, provides:

> "If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form ..., the plaintiff ... may commence a new action for the same cause within one year after the dismissal..."

Assuming that the state savings statute applies to claims filed in federal court, the failure of Plaintiffs' Counsel to serve the defendants with process does not fall within the terms of the statute and, therefore, the statute does not save this action. Newman v. Burgin, 930 F.2d 955, 964 (1st Cir. 1991); Gifford v. Spehr, 358 Mass. 658, 663 (1971); Duff v. Zonis, 327 Mass. 347, 352 (1951); Krasnow v. Allen, 29 Mass. App. Ct. 562, 565-566 (1990).

The facts before this Court are almost identical to the facts presented to the Court in Krasnow v. Allen. In Krasnow, the plaintiff's originally filing in federal court was dismissed "without prejudice" because service had not been made on the defendant within 120 days as required under the rules, although, unlike the present case, the defendant in Krasnow had, in fact, been served prior to dismissal of the complaint. Krasnow v. Allen, 29 Mass. App. Ct. 562, 564-565 (1990). The plaintiff's subsequent filing in state court was found not to be saved from the running of the statute of limitations by the savings statute. Id. at 565-566. The Court held that something more than a lack of diligence is required to trigger the statute and that insufficient service is a matter of substance rather than form and, therefore, does not fall under the catchall phrase of the statute. Id.

4

Case law addressing application of the savings statute holds that lack of diligence on the part of counsel in failing to timely effect service is not an acceptable reason for insufficiency of service of process and is not an "unavoidable accident." Duff v. Zonis, 327 Mass. 347, 352 (1951)("unavoidable accident" means "an unforeseen cause, preventing the service of the writ, where due diligence has been used"); Krasnow v. Allen, 29 Mass. App. Ct. 562, 565-566 (1990)(the statute only applies "if there is some acceptable reason for the insufficiency of service of process" not merely "lack of diligence"). Further, failure to properly perfect service has been held to be a matter of substance and not a "matter of form." Newman v. Burgin, 930 F.2d 955, 964 (1st Cir. 1991) (failure to properly serve the defendant is not a "matter of form"); Gifford v. Spehr, 358 Mass. 658, 663 (1971)(failure to serve the defendant is "matter of substance and not matter of form").

The only justification proffered by Plaintiffs in their earlier filings is that Plaintiffs' Counsel failed to assure that the Complaint was properly served by a member of his staff and that he was unaware, not only, that the Complaint had not been served, but that the Court had provided notice and an opportunity to correct the defect and that the case had been dismissed. (Exhibit "D"). Insufficiency of service of process in this matter resulted solely from lack of diligence on the part of Plaintiffs' Counsel and, therefore, the savings statute is unavailable to remedy the defect.

## CONCLUSION

WHEREFORE, Defendants, Bell Sports Corp., Bell Sports, Inc., and Giro Sport Design International, Inc., respectfully request that Plaintiffs' Complaint be dismissed.

The Defendants,

BELL SPORTS CORP.,
BELL SPORTS, INC., and
GIRO SPORT DESIGN
INTERNATIONAL, INC.,

By its Attorneys,
Campbell Campbell Edwards & Conroy,
Professional Corporation

_____
Mary M. McGoldrick, BBO #550557
James M. Campbell, BBO #541882
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2004, a true copy of the above document was sent by first-class mail, postage prepaid, to the following counsel of record:

Kenneth M. Levine, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA 02446

_____
Mary M. McGoldrick