UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HARVEY PETERSIEL and )
JEAN PETERSIEL )
)
Plaintiffs, )
v. )                                    C.A. NO.: 04-12050 RCL
)
BELL SPORTS CORP.; )
BELL SPORTS, INC.; )
GIRO SPORT DESIGN )
INTERNATIONAL, INC.; )
and GSD LIQUIDATION, INC., )
f/k/a GIRO SPORT DESIGN, INC. )
)
Defendants. )

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS,
BELL SPORTS CORP., BELL SPORTS, INC., AND GIRO SPORT DESIGN
INTERNATIONAL, INC.'S, MOTION TO DISMISS

FACTUAL AND PROCEDURAL HISTORY

This is a diversity action brought by the Plaintiffs, Harvey Petersiel and his wife, Jean

Petersiel, against the Defendants, Bell Sports Corp, Bell Sports, Inc., and Giro Sport Design

International, Inc., alleging negligent design, manufacture, distribution and sale of a bicycle

helmet.  The Complaint alleges that Plaintiff Harvey Petersiel was wearing the helmet at issue

while riding his bicycle, on September 23, 2000, when he hit a stick in the road and fell hitting

his head on the pavement.  (Plaintiffs' Complaint, attached hereto as Exhibit "A", Count I, ¶ 6).

According to the Complaint, at the time of the accident, the helmet shattered and Mr. Petersiel

sustained a head trauma and other personal injuries.  (Exhibit "A", Count I, ¶ 6 and 7).

The Plaintiffs' Complaint defines this matter as an action in tort. (Exhibit "A", Count I, ¶ 2-5, "action arose out of a tort"). The Complaint asserts counts for breach of warranty, misrepresentation, negligence, gross negligence, and loss of consortium. (Exhibit "A", Count I, ¶ 8 and Counts II-VI). The present Complaint was filed, on September 22, 2004, one day short of four years from the date of the accident. (See the Court stamp on page 1 of Exhibit "A"; see also pg. 9).

The Plaintiffs had filed an identical Complaint one year earlier, on September 22, 2003. (Complaint in the matter of Petersiel v. Bell Sports Corp., Civil Action No. 03-11841-RCL, attached hereto as Exhibit "B"). The 2003 Complaint was dismissed by Order of the Court, on April 8, 2004, for failure of the Plaintiffs to file proof of service or to show good cause why service had not been made as previously ordered on March 9, 2004. (Order of Dismissal, attached hereto as Exhibit "C").

On July 29, 2004, over three and a half months later, the Plaintiffs filed a Motion to Vacate Judgment of Dismissal and Request for Extension of Time to Complete Service of Process. (Plaintiffs' Motion to Vacate Judgment of Dismissal and Request for Extension of Time to Complete Service of Process with attached Affidavit of Kenneth M. Levine, attached hereto as Exhibit "D"). The Plaintiffs' filing acknowledges that the statute of limitations on Plaintiff's action has "expired" and that the Plaintiffs will be "time barred" if relief is not granted. (Exhibit "D", Affidavit at ¶ 8). The Plaintiffs' proffered excuse was that an employee of Plaintiffs' Counsel had neglected to serve the Complaint. (Exhibit "D", Motion at ¶ 3 and Affidavit at ¶ 3). The Motion and attached Affidavit state that Plaintiffs' Counsel was unaware that service had not been made, that the Court had provided notice of the lack of service and an

opportunity to correct the defect, and that the Plaintiffs' action had been dismissed. (Exhibit "D", Motion at ¶ 4 and Affidavit at ¶ 7).

The Plaintiffs' Motion to Vacate Judgment of Dismissal and Request for Extension of Time to Complete Service of Process was denied by Order of the Court on August 19, 2004. (Civil Docket for Case #: 03-11841-RCL, attached hereto as Exhibit "E"). One month later, the Plaintiffs filed the instant Complaint fully aware that the statute of limitations on Plaintiffs' cause of action had expired. (Exhibit "A").

ARGUMENT

Dismissal of a federal action on statute of limitations grounds is appropriate if the infirmity is apparent on the face of the complaint. Although the statute of limitations is an affirmative defense, it may be asserted by way of a motion to dismiss if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The standard when analyzing the complaint under Rule 12(b)(6) is whether it is clear from the face of the complaint that plaintiff's claims are time-barred. LaGrasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004); Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 (5th Cir. 1997); Swedish Civil Aviation Admin. v. Project Management Enterprises, Inc. 190 F. Supp. 2d 785, 790, 795 (D.Md. 2002).

The Massachusetts three-year statute of limitations on personal injury actions, M.G.L. c. 260, § 2A, governs Plaintiffs' cause of action. It is clear on the face of the Complaint that the Plaintiffs' claims are time-barred. (Exhibit "A"). The accident occurred on September 23, 2000 and the Complaint was filed almost four years later on September 22, 2004. (Exhibit "A"). The Plaintiffs, in fact, concede in filings with this Court that the statute of limitations applicable to

this cause of action has expired and, therefore, dismissal under Rule 12(b)(6) is appropriate. (Exhibit "D").

Any effort by the Plaintiffs to rely on the Massachusetts savings statute to preserve their cause of action must fail. The Massachusetts savings statute, M.G.L. c. 260, § 32, provides:

> "If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form ..., the plaintiff ... may commence a new action for the same cause within one year after the dismissal..."

Assuming that the state savings statute applies to claims filed in federal court, the failure of Plaintiffs' Counsel to serve the defendants with process does not fall within the terms of the statute and, therefore, the statute does not save this action. Newman v. Burgin, 930 F.2d 955, 964 (1st Cir. 1991); Gifford v. Spehr, 358 Mass. 658, 663 (1971); Duff v. Zonis, 327 Mass. 347, 352 (1951); Krasnow v. Allen, 29 Mass. App. Ct. 562, 565-566 (1990).

The facts before this Court are almost identical to the facts presented to the Court in Krasnow v. Allen. In Krasnow, the plaintiff's originally filing in federal court was dismissed "without prejudice" because service had not been made on the defendant within 120 days as required under the rules, although, unlike the present case, the defendant in Krasnow had, in fact, been served prior to dismissal of the complaint. Krasnow v. Allen, 29 Mass. App. Ct. 562, 564-565 (1990). The plaintiff's subsequent filing in state court was found not to be saved from the running of the statute of limitations by the savings statute. Id. at 565-566. The Court held that something more than a lack of diligence is required to trigger the statute and that insufficient service is a matter of substance rather than form and, therefore, does not fall under the catchall phrase of the statute. Id.

4

Case law addressing application of the savings statute holds that lack of diligence on the part of counsel in failing to timely effect service is not an acceptable reason for insufficiency of service of process and is not an "unavoidable accident." Duff v. Zonis, 327 Mass. 347, 352 (1951)("unavoidable accident" means "an unforeseen cause, preventing the service of the writ, where due diligence has been used"); Krasnow v. Allen, 29 Mass. App. Ct. 562, 565-566 (1990)(the statute only applies "if there is some acceptable reason for the insufficiency of service of process" not merely "lack of diligence"). Further, failure to properly perfect service has been held to be a matter of substance and not a "matter of form." Newman v. Burgin, 930 F.2d 955, 964 (1st Cir. 1991) (failure to properly serve the defendant is not a "matter of form"); Gifford v. Spehr, 358 Mass. 658, 663 (1971)(failure to serve the defendant is "matter of substance and not matter of form").

The only justification proffered by Plaintiffs in their earlier filings is that Plaintiffs' Counsel failed to assure that the Complaint was properly served by a member of his staff and that he was unaware, not only, that the Complaint had not been served, but that the Court had provided notice and an opportunity to correct the defect and that the case had been dismissed. (Exhibit "D"). Insufficiency of service of process in this matter resulted solely from lack of diligence on the part of Plaintiffs' Counsel and, therefore, the savings statute is unavailable to remedy the defect.

CONCLUSION

WHEREFORE, Defendants, Bell Sports Corp., Bell Sports, Inc., and Giro Sport Design

International, Inc., respectfully request that Plaintiffs' Complaint be dismissed.

The Defendants,

BELL SPORTS CORP.,
BELL SPORTS, INC., and
GIRO SPORT DESIGN
INTERNATIONAL, INC.,

By its Attorneys,
Campbell Campbell Edwards & Conroy,
Professional Corporation

*Mary M. McGoldrick*

Mary M. McGoldrick, BBO #550557
James M. Campbell, BBO #541882
One Constitution Plaza
Boston, MA  02129
(617) 241-3000


CERTIFICATE OF SERVICE

I  hereby certify that on November 15, 2004, a true copy of the above document was sent
by first-class mail, postage prepaid, to the following counsel of record:

Kenneth M. Levine, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA  02446


*Mary M. McGoldrick*

Mary M. McGoldrick

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 SEP 22   3:42"
U.S. DISTRICT COURT
DISTRICT OF MASS.

HARVEY PETERSIEL,
JEAN PETERSIEL

Plaintiff

## 04-12050 RCL

vs.

BELL SPORTS, CORP.; BELL SPORTS, INC.; GIRO SPORT DESIGN
INTERNATIONAL, INC.; and GSD LIQUIDATION, INC., f/k/a GIRO SPORT
DESIGN, INC.

**Defendants**

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### JURISDICTION

The United States District Court has jurisdiction over this matter on the basis of diversity of citizenship pursuant to 28 U.S.C., Sections 1332 and 1441 et seq., as the parties are citizens of different states.

### COUNT I

1.      The Plaintiffs, HARVEY PETERSIEL and JEAN PETERSIEL are residents of the Town of Hamilton, County of Essex, Commonwealth of Massachusetts.

2.      Defendant, BELL SPORTS CORP., is a foreign corporation organized and existing under the laws of the State of Delaware. This action arose out of a tort committed by Defendant, BELL SPORTS CORP., within the State of Massachusetts.

3.      Defendant, BELL SPORTS, IND., is a foreign corporation organized and existing under the laws of the State of California. This action arose out of a tort committed by Defendant, BELL SPORTS, INC., within the State of Massachusetts.

4.    Defendant, GIRO SPORT DESIGN INTERNATIONAL, INC., is a foreign corporation organized and existing under the laws of the State of California. This action arose out of a tort committed by the Defendant, GIRO SPORT DESIGN INTERNATIONAL, INC., within the State of Massachusetts.

5.    Defendant, GSD LIQUIDATION, INC., f/k/a GIRO SPORT DESIGN, INC., is a foreign corporation organized and existing under the laws of the State of California. This action arose out of a tort committed by Defendant, GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., within the State of Massachusetts.

6.    On or about September 23, 2000, the Plaintiff was riding his bike when he suddenly hit a stick in the road. The Plaintiff fell hitting the pavement headfirst. As a result of the accident, the Plaintiff suffered serous and permanent head trauma and personal injury.

7.    At the time of the accident on or about September 23, 2000, the Plaintiff was wearing a Giro Helios Helmet. Said helmet was less than two years old but upon impact, it shattered. Said helmet was designed, manufactured and constructed by Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC.

8.    The injuries sustained by the Plaintiff, HARVEY PETERSIEL, were the direct and proximate result of the Defendants' breach of warranty, misrepresentation, negligence and gross negligence, including but not limited to:

    a.    Defendants' failure to adequately design and manufacture the helmet so that it was safe to be used for the purpose in which it was created and marketed;

2



    b.   Defendants' misrepresentation to the Plaintiff and to the public that the Giro Helios helmet was safe to be used for the purpose in which it was created and marketed; and

    c.   Defendants' failure to warn the Plaintiff and the public that said helmet did not meet the Snell Standard.

9.    As a direct and proximate result of the Defendants' breach of warranty, misrepresentation, negligence and gross negligence, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

    WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT II

1.    The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I of this Complaint as if each were set forth here in its entirety.

2.    The Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., are strictly liable to the Plaintiffs under the RESTATEMENT of Torts (2nd) Section 402B in misrepresenting to the public that the Giro Helios helmet met the Snell Standard and would protect the user in falls. The Defendants' statements and representations were false and involved material facts concerning the character or quality of the product in question.

3

OCT. 19. 2004 10:18AM    CHAMBLISS, BAHNER 423-265-9574                NO. 2124  P. 6

3.      On or about September 23, 2000, the Plaintiff constructively relied on the Defendants' misrepresentations when he wore the Giro Helios helmet while bike riding. Neither the Plaintiff nor the average reasonable person would have known or had reason to know that the Giro Helios helmet was unsafe for use and below the Snell Standard.

4.      As a direct and proximate result of the Defendants' failure to inform the Plaintiff that the helmet was unsafe to use and below the Snell Standard, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT III

1.      The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I and Paragraphs One through Four of Count II of this Complaint as if each were set forth here in its entirety.

2.      The Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., could reasonably foresee that the Giro Helios helmet would be used by such persons as the Plaintiff in the manner in which it was being used at the time of his injuries on or about September 23, 2000.

4

3.    The Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., specifically and impliedly warranted that their product was not defective, was not unreasonably dangerous, had been designed, manufactured, constructed and assembled in good and workmanlike manner and that its product was fit, safe and suitable for the purposes for which the same was intended. Said Defendants, breached such warranties because the Giro Helios helmet was unreasonably dangerous and was defective for the purposes for which it had been designed, manufactured, constructed, sold and delivered in that it was:

    a.    Without sufficient impact and absorption capabilities to protect a person such as HARVEY PETERSIEL from head and brain injuries from a fall off a bicycle;

    b.    Without sufficient and adequate warnings, instructions, or training; and

    c.    In such a manner that the product would not likely protect one from injuries when used for a purpose which could reasonably be expected.

4.    The Giro Helios helmet was defective when it left the hands of the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., and remained defective at all times until the Plaintiff's accident on or about September 23, 2000.

5.    As a direct and proximate result of the Defendants' breach of the specifically and implied warranty, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

5

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT IV

1. The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I, Paragraphs One through Four of Count II and Paragraphs One through Five of Count III of this Complaint as if each were set forth here in its entirety.

2. Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., acting by and through its duly authorized representatives, agents, servants, and employees, were also negligent, careless and reckless in designing, manufacturing, distributing and selling the product that was unreasonably dangerous in that it was designed, manufactured, distributed and sold:

  a. Without sufficient impact and absorption capabilities to protect a person such as HARVEY PETERSIEL from head and brain injuries from a fall off a bicycle;

  b. Without sufficient and adequate warnings, instructions, or training; and

  c. In such a manner that the product would not likely protect one from injuries when used for a purpose which could reasonably be expected.

3. As a proximate result of the Defendants' negligence in selling a product that was unreasonably dangerous, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT V

1.    The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I, Paragraphs One through Four of Count II, Paragraphs One through Five of Count III and Paragraphs One through Three of Count IV of this Complaint as if each were set forth here in its entirety.

2.    Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., were also negligent and negligent per se. Such acts taken separately and together were each a producing and proximate cause of the Plaintiff's severe injuries; such negligence being not limited to:

   a. Failing to comply with the 1995 Snell Memorial Foundation Standard; and
   b. Failing to test the product to insure that it, complied with the 1995 Snell Memorial Foundation Standard.

3.    Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., were negligent in each and all of the following respects. Such acts taken separately and together were each the producing and proximate cause of the production and sell of the defective Giro Helios helmet and of the Plaintiff's severe injuries; such negligence being not limited to:

   a. Failing to adequately and sufficiently test said product;
   b. Placing said product on the market with the defects and unsafe conditions that existed;

7

c. Failing to plan, design and construct said product in a manner that would be reasonably safe and prevent the consequences mentioned when used for the purposes for which it was intended;

d. Planning, designing and constructing said product in a manner that it was not reasonably safe when used for the purposes for which it was intended;

e. Failing to provide adequate safety devices to prevent the consequences mentioned due to the defective conditions of said product;

f. Failing to give adequate and sufficient notice, warnings, instructions and training concerning the use of said product, and of the dangerous, hazardous and defective conditions that existed;

g. Failing to recall or timely recall the products.

4.   As a proximate result of the negligence described, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT VI

1.   The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I, Paragraphs One through Four of Count II, Paragraphs One through Five of Count III, Paragraphs One through Three of Count IV and Paragraphs One through Four of Count V of this Complaint as if each were set forth here in its entirety.

8

2.    JEAN PETERSIEL is the wife of Plaintiff, HARVEY PETERSIEL.

3.    As a further direct and proximate result of the Defendants' negligence, breach of warranties and misrepresentation to the public, the Plaintiff, JEAN PETERSIEL, has had severely restricted the benefit of society, companionship, and consortium of her husband, all to her great damage.

WHEREFORE, the Plaintiff, HARVEY PETERSIEL prays judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described injuries together with interest and cost.

Respectfully submitted, this 22nd day of September, 2004.

HARVEY PETERSIEL and JEAN
PETERSIEL, Plaintiffs
By their attorney,

Kenneth M. Levine, 296850
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA 02446
617-566-2700

9

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS ~~MAGISTRATE JUDGE~~ *Alexander.*

HARVEY PETERSIEL,
JEAN PETERSIEL

**03 C 1 1 8 4 1 RCL**

Plaintiff

vs.

BELL SPORTS, CORP.;  BELL SPORTS, INC.; GIRO SPORT DESIGN
INTERNATIONAL, INC.; and GSD LIQUIDATION, INC., f/k/a GIRO SPORT
DESIGN, INC.

Defendants

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### JURISDICTION

The United States District Court has jurisdiction over this matter on the basis of
diversity of citizenship pursuant to 28 U.S.C., Sections 1332 and 1441 et seq., as the
parties are citizens of different states.

### COUNT I

1.     The Plaintiffs, HARVEY PETERSIEL and JEAN PETERSIEL are residents of
the Town of Hamilton, County of Essex, Commonwealth of Massachusetts.

2.     Defendant, BELL SPORTS CORP., is a foreign corporation organized and
existing under the laws of the State of Delaware. This action arose out of a tort
committed by Defendant, BELL SPORTS CORP., within the State of Massachusetts.

RECEIPT #_50473
AMOUNT $ 150
SUMMONS ISSUED_ yes
LOCAL RULE 4.1_
WAIVER FORM_
MCF ISSUED_
BY DPTY. CLK. P.O.M
DATE 9/22/03

1

3.    Defendant, BELL SPORTS, IND., is a foreign corporation organized and existing under the laws of the State of California. This action arose out of a tort committed by Defendant, BELL SPORTS, INC., within the State of Massachusetts.

4.    Defendant, GIRO SPORT DESIGN INTERNATIONAL, INC., is a foreign corporation organized and existing under the laws of the State of California. This action arose out of a tort committed by the Defendant, GIRO SPORT DESIGN INTERNATIONAL, INC., within the State of Massachusetts.

5.    Defendant, GSD LIQUIDATION, INC., f/k/a GIRO SPORT DESIGN, INC., is a foreign corporation organized and existing under the laws of the State of California. This action arose out of a tort committed by Defendant, GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., within the State of Massachusetts.

6.    On or about September 23, 2000, the Plaintiff was riding his bike when he suddenly hit a stick in the road. The Plaintiff fell hitting the pavement headfirst. As a result of the accident, the Plaintiff suffered serous and permanent head trauma and personal injury.

7.    At the time of the accident on or about September 23, 2000, the Plaintiff was wearing a  Giro Helios Helmet. Said helmet was less than two years old but upon impact, it shattered. Said helmet was designed, manufactured and constructed by Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC.

8.    The injuries sustained by the Plaintiff, HARVEY PETERSIEL, were the direct and proximate result of the Defendants' breach of warranty, misrepresentation, negligence and gross negligence, including but not limited to:

2

a. Defendants' failure to adequately design and manufacture the helmet so that it was safe to be used for the purpose in which it was created and marketed;

b. Defendants' misrepresentation to the Plaintiff and to the public that the Giro Helios helmet was safe to be used for the purpose in which it was created and marketed; and

c. Defendants' failure to warn the Plaintiff and the public that said helmet did not meet the Snell Standard.

9. As a direct and proximate result of the Defendants' breach of warranty, misrepresentation, negligence and gross negligence, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT II

1. The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I of this Complaint as if each were set forth here in its entirety.

2. The Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT

3

DESIGN, INC., are strictly liable to the Plaintiffs under the RESTATEMENT of Torts (2nd) Section 402B in misrepresenting to the public that the Giro Helios helmet met the Snell Standard and would protect the user in falls. The Defendants' statements and representations were false and involved material facts concerning the character or quality of the product in question.

3.    On or about September 23, 2000, the Plaintiff constructively relied on the Defendants' misrepresentations when he wore the Giro Helios helmet while bike riding. Neither the Plaintiff nor the average reasonable person would have known or had reason to know that the Giro Helios helmet was unsafe for use and below the Snell Standard.

4.    As a direct and proximate result of the Defendants' failure to inform the Plaintiff that the helmet was unsafe to use and below the Snell Standard, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

<u>COUNT III</u>

1.    The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I and Paragraphs One through Four of Count II of this Complaint as if each were set forth here in its entirety.

4

2.    The Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., could reasonably foresee that the Giro Helios helmet would be used by such persons as the Plaintiff in the manner in which it was being used at the time of his injuries on or about September 23, 2000.

3.    The Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., specifically and impliedly warranted that their product was not defective, was not unreasonably dangerous, had been designed, manufactured, constructed and assembled in good and workmanlike manner and that its product was fit, safe and suitable for the purposes for which the same was intended. Said Defendants, breached such warranties because the Giro Helios helmet was unreasonably dangerous and was defective for the purposes for which it had been designed, manufactured, constructed, sold and delivered in that it was:

    a.    Without sufficient impact and absorption capabilities to protect a person such as HARVEY PETERSIEL from head and brain injuries from a fall off a bicycle;

    b.    Without sufficient and adequate warnings, instructions, or training; and

    c.    In such a manner that the product would not likely protect one from injuries when used for a purpose which could reasonably be expected.

4.    The Giro Helios helmet was defective when it left the hands of the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., and remained defective at all times until the Plaintiff's accident on or about September 23, 2000.

5

5.    As a direct and proximate result of the Defendants' breach of the specifically and implied warranty, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT IV

1.    The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I, Paragraphs One through Four of Count II and Paragraphs One through Five of Count III of this Complaint as if each were set forth here in its entirety.

2.    Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., acting by and through its duly authorized representatives, agents, servants, and employees, were also negligent, careless and reckless in designing, manufacturing, distributing and selling the product that was unreasonably dangerous in that it was designed, manufactured, distributed and sold:

    a.    Without sufficient impact and absorption capabilities to protect a person such as HARVEY PETERSIEL from head and brain injuries from a fall off a bicycle;

6

b. Without sufficient and adequate warnings, instructions, or training; and

c. In such a manner that the product would not likely protect one from injuries when used for a purpose which could reasonably be expected.

3.    As a proximate result of the Defendants' negligence in selling a product that was unreasonably dangerous, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities including working and biking; and his ability to enjoy life has been permanently adversely affected.

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT V

1.    The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I, Paragraphs One through Four of Count II, Paragraphs One through Five of Count III and Paragraphs One through Three of Count IV of this Complaint as if each were set forth here in its entirety.

2.    Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., were also negligent and negligent per se. Such acts taken separately and together were each a producing and proximate cause of the Plaintiff's severe injuries; such negligence being not limited to:

7

    a. Failing to comply with the 1995 Snell Memorial Foundation Standard; and

    b. Failing to test the product to insure that it, complied with the 1995 Snell Memorial Foundation Standard.

3.    Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., were negligent in each and all of the following respects. Such acts taken separately and together were each the producing and proximate cause of the production and sell of the defective Giro Helios helmet and of the Plaintiff's severe injuries; such negligence being not limited to:

    a. Failing to adequately and sufficiently test said product;

    b. Placing said product on the market with the defects and unsafe conditions that existed;

    c. Failing to plan, design and construct said product in a manner that would be reasonably safe and prevent the consequences mentioned when used for the purposes for which it was intended;

    d. Planning, designing and constructing said product in a manner that it was not reasonably safe when used for the purposes for which it was intended;

    e. Failing to provide adequate safety devices to prevent the consequences mentioned due to the defective conditions of said product;

    f. Failing to give adequate and sufficient notice, warnings, instructions and training concerning the use of said product, and of the dangerous, hazardous and defective conditions that existed;

    g. Failing to recall or timely recall the products.

4.    As a proximate result of the negligence described, the Plaintiff, HARVEY PETERSIEL, was caused to sustain severe physical injuries; has incurred and will continue to incur expense for his medical treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be seen by medical professionals; has been and will continue to be unable to pursue normal activities

8

including working and biking; and his ability to enjoy life has been permanently

including working and biking; and his ability to enjoy life has been permanently adversely affected.

WHEREFRE, the Plaintiff, HARVEY PETERSIEL demands judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described personal injuries, together with interest and cost.

## COUNT VI

1.    The Plaintiff, HARVEY PETERSIEL, repeats, realleges, and incorporates fully herein Paragraph One through Nine of Count I, Paragraphs One through Four of Count II, Paragraphs One through Five of Count III, Paragraphs One through Three of Count IV and Paragraphs One through Four of Count V of this Complaint as if each were set forth here in its entirety.

2.    JEAN PETERSIEL is the wife of Plaintiff, HARVEY PETERSIEL.

3.    As a further direct and proximate result of the Defendants' negligence, breach of warranties and misrepresentation to the public, the Plaintiff, JEAN PETERSIEL, has had severely restricted the benefit of society, companionship, and consortium of her husband, all to her great damage.

WHEREFORE, the Plaintiff, HARVEY PETERSIEL prays judgment against the Defendants, BELL SPORTS COPR., BELL SPORTS, INC., GIRO SPORT DESIGN INTERNATIONAL, INC. and GSD LIQUIDATION, INC. f/k/a GIRO SPORT DESIGN, INC., for the above-described injuries together with interest and cost.

9

Respectfully submitted, this 18th day of September, 2003.

HARVEY PETERSIEL and JEAN
PETERSIEL, Plaintiffs
By their attorney,

Kenneth M. Levine, 296850
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA 02446
617-566-2700

10

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

HARVEY PETERSIEL, ET AL
　　　　　Plaintiff

CIVIL ACTION

　　　V.

NO.03-11841-RCL

BELL SPORTS CORP., ET AL
　　　　　Defendant

### ORDER OF DISMISSAL

LINDSAY, D.J.

　　　For failure of the plaintiff to file a return of service and/or show good cause why service has not been made as ORDERED on March 9, 2004, it is hereby ORDERED that the above-entitled action be and hereby is dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 4.1(b).

　　　　　　　　　　　　By the Court,

　　　　　　　　　　　　/s/ Lisa M. Hourihan

　　　　　　　　　　　　Deputy Clerk

April 8, 2004

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN'S OFFICE

DOCKET NO. CV-1241-RCL

U.S. DISTRICT COURT
DISTRICT OF MASS

HARVEY PETERSIEL,
JEAN PETERSIEL,

    Plaintiff

vs.

BELL SPORTS, CORP.;
BELL SPORTS, INC.;
GIRO SPORT DESIGN INTERNATIONAL, INC.;
and GSD LIQUIDATION, INC.,
f/k/a GIRO SPORT DESIGN, INC.

    Defendants

**PLAINTIFFS' MOTION TO VACATE JUDGMENT OF DISMISSAL PURSUANT TO
FED. R. CIV. P. 60(b) AND REQUEST FOR
EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS**

NOW COME the plaintiffs in the above-captioned action and respectfully requests that this Honorable Court to vacate the Judgment of Dismissal entered on April 8, 2004 and extend the time to complete service of process.

As reasons therefore, the plaintiffs states the following:

1.     Complaint was filed on September 22, 2003.

2.     The matter was dismissed on April 8, 2004 for failure to serve process.

3.     Through mistake, inadvertence and error, service upon the defendants was not completed such that the individual assigned to the completion of service of process, failed to do so despite numerous request.

4.     The individual responsible for service of process left the firm in June 2004 and did not advise anyone at this firm that service of process had not been completed and/or that the matter had been dismissed and no further action taken.

5.     The plaintiff now requests that this Honorable Court extend the time for the service of process of Plaintiffs' Complaint, to allow the just and proper resolution of this matter. Pursuant to Fed. R. Civ. P. 60(b), the Court may in it discretion, grant relief from the Order of Dismissal for reasons of mistake, inadvertence, surprise, excusable neglect if made within a reasonable time but not more than one year after the judgment, order or proceeding was entered or taken

6.     Plaintiff's Motion to Extend Time for Service is made for good cause. See attached Affidavit of Kenneth M. Levine.

1

7.    The plaintiffs believe that an additional sixty (60) days will allow sufficient time to complete service of process.

For the foregoing reasons, the plaintiffs respectfully requests that the Judgment of Dismissal be vacated and that the plaintiffs be granted an additional sixty (60) days in which to complete service of process.

Plaintiffs,
By their Attorneys,

Kenneth M. Levine, BBO #296850
Sheila E. Mone, BBO #634615
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA 02446
617-566-2700

DATED:  July 23, 2004

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DOCKET NO: CV-11841-RCL

HARVEY PETERSIEL,
JEAN PETERSIEL

      Plaintiff

vs.

BELL SPORTS, CORP.;
BELL SPORTS, INC.;
GIRO SPORT DESIGN INTERNATIONAL, INC.;
and GSD LIQUIDATION, INC.,
f/k/a GIRO SPORT DESIGN, INC.

      Defendants

## AFFIDAVIT OF KENNETH M. LEVINE

1.     My name is Kenneth M. Levine.

2.     I am attorney for the plaintiff in the above matter.

3.     On or about September 22, 2003 I requested a law clerk employed by me file a Complaint in this matter with the United States District Court alleging personal injury as a result of breach of warranties of merchantability and fitness for a particular purpose and negligence in the design and manufacture of a bike helmut.

4.     Thereafter, on several occasions I spoke with the law clerk to ensure the service of process was made upon the defendants in this matter.

5.     It was my understanding that service of process had in fact been made.

6.     The law clerk resigned her position in June of 2004 to relocate to Texas.

7.     I was never made aware that service of process had not been made.

8.     The error, mistake and inadvertence causing dismissal of this action will cause great hardship and will unduly prejudice this plaintiff as the statute of limitations in this matter has expired and the plaintiff will be time barred from seeking relief from this Court.

_____
Kenneth M. Levine, BBO #296850

DATED:  July 23, 2004

1

# EXHIBIT E

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:03-cv-11841-RCL

Petersiel et al v. Bell Sports Corp., et al
Assigned to: Judge Reginald C. Lindsay
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:1332 Diversity-Product Liability

Date Filed: 09/22/03
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**
-----------------------

**Harvey Petersiel**

represented by **Kenneth M. Levine**
Law Office of Kenneth Levine
370 Washington St.
Brookline, MA 02445
617-566-2700
Fax : 617-566-6144
Email: Klevine@Klevinelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jean Petersiel**

represented by **Kenneth M. Levine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

**Bell Sports Corp.,**

**Bell Sports, Inc.**

**Giro Sport Design International, Inc.**

**GSD Liquidation, Inc.**

*fka*
**Giro Sport Design, Inc.**

| Filing Date | # | Docket Text |
|---|---|---|
|  |  |  |

| 09/22/2003 | 1 | COMPLAINT against Bell Sports Corp.,, Bell Sports, Inc., GSD Liquidation, Inc., Giro Sport Design International, Inc. Filing fee: $ 150, receipt number 50473, filed by Jean Petersiel, Harvey Petersiel. (Tebo, Susan) Modified on 9/25/2003 (Tebo, Susan). (Entered: 09/23/2003) |
|---|---|---|
| 09/22/2003 | | Summons Issued as to Bell Sports Corp.,, Bell Sports, Inc., GSD Liquidation, Inc., Giro Sport Design International, Inc.. (Tebo, Susan) (Entered: 09/23/2003) |
| 09/22/2003 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Joyce L. Alexander. (Tebo, Susan) (Entered: 09/23/2003) |
| 03/09/2004 | 2 | Notice of potential dismissal of action pursuant to FCRP 4(m) and Local Rule 4.1(b): This action will be dismissed in twenty days unless proof of service is filed.. (Hourihan, Lisa) (Entered: 03/09/2004) |
| 04/08/2004 | 3 | Judge Reginald C. Lindsay : ORDER entered ORDER DISMISSING CASE(Hourihan, Lisa) (Entered: 04/08/2004) |
| 07/29/2004 | 4 | MOTION for Extension of Time to Sixty Days to Complete Service of Process, MOTION to Vacate 3 Order Dismissing Case by Harvey Petersiel, Jean Petersiel.(Abaid, Kim) (Entered: 07/30/2004) |
| 07/29/2004 | 5 | AFFIDAVIT of Kenneth M. Levine by Harvey Petersiel, Jean Petersiel. (Abaid, Kim) (Entered: 07/30/2004) |
| 08/19/2004 | | Judge Reginald C. Lindsay : Electronic ORDER entered denying 4 Plaintiff's Motion for Extension of Time to Complete Service, denying 4 Plaintiff's Motion to Vacate Judgment of Dismissal (Stanhope, Don) (Entered: 08/20/2004) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/21/2004 14:19:12 | | | |
| PACER Login: | ca0033 | Client Code: | |
| Description: | Docket Report | Case Number: | 1:03-cv-11841-RCL |
| Billable Pages: | 1 | Cost: | 0.07 |