UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DOCKET NO: 04-12050-RCL

HARVEY PETERSIEL,
JEAN PETERSIEL

    Plaintiff

vs.

BELL SPORTS, CORP.;
BELL SPORTS, INC.;
GIRO SPORT DESIGN INTERNATIONAL, INC.;
and GSD LIQUIDATION, INC.,
f/k/a GIRO SPORT DESIGN, INC.

    Defendants

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COME NOW THE Plaintiffs in the above entitled action and request that this Honorable Court deny the Defendants' Motion to Dismiss. The Defendants' seek to dismiss the action claiming that the Complaint wad filed past the applicable statute of limitations. For the reasons set forth below, the Complaint was filed within the time allowed by the "discovery rule" and the action therefore is not time-barred.

## BACKGROUND

This is a diversity action brought by Plaintiffs, Harvey Petersiel and his wife, Jean Petersiel against Defendants, for negligent design, manufacture, distributions and sale of a bicycles helmet. The complaint was filed on September 22, 2004. The Plaintiff, Harvey Petersiel, was wearing the helmet at issue while riding his bicycle on or about September 23, 2000, when he hit a stick in the road and fell hitting his head on the pavement. At the time of the accident, Harvey Petersiel's helmet shattered and he sustained head trauma and other injuries.

**ARGUMENT**

*<u>The Defendant is not entitled to a Motion to dismiss because the Plaintiffs have presented a genuine issue of material fact.</u>*

A motion for dismissal may only be granted as a matter of law if there has been no genuine issue of material fact presented in the plaintiff's case. *See*, <u>Community Nat'l Bank v. Dawes</u>, 369 Mass. 550, 553 (1976). This case involves a breach of warranty claim, which clearly represents genuine issues of material fact to be determined at trial. Furthermore, the issue presented by the Defendant concerning the Statute of Limitations as a preclusion of the Plaintiffs claim also presents a genuine issue of material fact to be determined by the trier of fact due to the "discovery rule." "A plaintiff who invokes the discovery rule by claiming that her delay in filing suit stems from a failure to recognize the cause of her [or his] injuries bears the burden of proving both an actual lack of causal knowledge and the objective reasonableness of that lack of knowledge." <u>Doe v. Creigjton</u>, 439 Mass. 281, 284 (2003); <u>Lindsey v. Romano</u>, 427 Mass. 771, 773-74 (1998). This question is "one of fact which in most instances will be decided by the trier of fact." <u>Riley v. Presnell,</u> 409 Mass. 239, 240 (1991).

A proponent may only be awarded a dismissal if there is no question that there has been no genuine issue of material fact presented. It is clear in this case that there are indeed issue of material fact and questions, which demand to be determined by the trier of fact. The Defendant himself has asserted the standard of review to grant dismissal of a federal action, which requires the proponent to prove "the party opposing the motion has no reasonable expectation of proving an essential element of that party's case." <u>Kourouvacilis v. General Motors Corp</u>., 410 Mass. 706, 716 (1991). Therefore, in the case, the Plaintiffs do indeed have the reasonable expectation of proving their case was filed within the statute of limitations period. The Plaintiffs filed their claim within three years from the time they knew or should have known Harvey Petersiel's injuries were caused by the defendant. The mere fact that Harvey Petersiel bicycle accident was in September

2

2000, this does not establish that he was aware of potential breach of warranty case. In fact, Harvey Petersiel was not able to appreciate is injuries due to his brain injury and subarachnoid hemorrhage. Harvey Petersiel has poor insight and impaired working memory, all of which where caused by his frontal brain injury sustained at the time of the accident.

### *The Plaintiffs properly filed the Complaint within the applicable Statute of Limitations period pursuant to the Discovery Rule.*

As previously mentioned, Massachusetts employs the "discovery rule" in cases in order to prevent "blameless ignorance", such as in this case, from precluding a valid legal claim.  *See*, Heck, 397 Mass. 336 (1986); Olsen v. Bell Telephone Laboratories Inc., 388 Mass. 171 (1983).  Where the defendant's conduct causes an undetected injury to the plaintiff, Massachusetts applies the 'discovery rule' to determine "when [the] cause of action accrues and triggers the beginning of the statutory period." Mohr v. Commonwealth, 421 Mass. 147, 156 (1995).  The critical date is "when the plaintiff discovers, or any earlier date when he should reasonably have discovered, that he has been harmed or may have been harmed by the defendant." Mohr, 421 Mass. At 156, quoting Bowen v. Eli Lilly & Co., 408 Mass. 204, 205 (1990).  The test is an objective one: "Only if a reasonable person in the plaintiff's position would have been able to discern the harm or the cause of the harm will the cause of action accrue and the limitation period begin to run." Riley v. Resell, 409 Mass. 239, 245 (1991).  Thus the clock will not start ticking until the plaintiff has "(1) knowledge or sufficient notice that she was harmed and (2) knowledge or sufficient notice of what the cause of harm was." Bowen, 408 Mass. At 205.

The Supreme Judicial Court has mandated that a plaintiff's cause of action does not accrue until that plaintiff "learns or reasonably should have learned that he has been harmed by the defendant's conduct." Krasnow v. Allen, 562 N.E. 2d 1375, 1379 (Mass App. Ct. 1990), citing Franklin v. Albert, 381 Mass 611, 619.  In this case, Harvey Petersiel did not know nor should he reasonably have known that he was harmed by the Defendant's conduct until well after the bicycle accident. All that he knew at the time

was that he had sustained injuries from his accident and was not aware of Defendant's breach of warranty with the helmet. It is unfair for the defendant to assume that Harvey Petersiel understood and appreciated his injuries when his recovery was a long process.

The principle of the Discovery rule is to prevent plaintiffs from being punished for their "blameless ignorance" by barring a cause of action before the injured party ever realized such a claim existed.  <u>Heck,</u> 397 Mass. 336 (1986); <u>Olsen v. Bell Telephone Laboratories Inc.</u>, 388 Mass. 171 (1983).

Very often, as in Harvey Petersiel's instance, people do not understand claims until they consult with an attorney who explains whether there is a viable basis for a breach of warranty claim. In this case, as Harvey Petersiel recovered from his accident, Harvey and his wife began to notice some behavioral changes due to the head injuries and felt it was best to consult with a lawyer. At the time of the accident, Harvey Petersiel was not able to appreciate his injuries due to his medical status.  Reasonable minds will differ as to whether Harvey Petersiel could have reasonably concluded that the defendant's breach of warranty was the cause of his injuries.  Harvey Petersiel did not have the mental capacity to establish any kind of nexus between Defendant's breach of warranty, misrepresentation, negligence, gross negligence and loss of consortium because of his subsequent head injuries.

The motion presented by the Defendants is premature. The motion to dismiss was filed in lieu of an answer and discovery has not yet taken place in any form. Certainly discovery should be allowed to proceed so that the actual time that the Plaintiff knew or should have known of the link between the injuries and the breach of warranty, and other claims, can be determined. If, following appropriate discovery, the Defendants still believe there is a basis for the motion; it can be re-filed as a motion for summary judgment. To dismiss such an action where serious and permanent injury has resulted prior to discovery would be grossly unfair to the Plaintiffs, and simply premature.

In light of the head injury that the Plaintiff suffered, and the extended hospitalization, it is clear that a question exists concerning what the Plaintiff knew and when. Dismissal is only appropriate if there is no question that there has been no genuine issue of material fact presented.  It is clear in this case that there are indeed issue of material fact and questions, which prevent dismissal of the action on the basis of the statute of limitations.

Therefore the Plaintiffs' request that this Honorable Court deny the Defendants' motion to dismiss.

>Plaintiffs,
>By their Attorneys,
>
>
>/KML/
>_____
>Kenneth M. Levine, BBO #296850
>KENNETH M. LEVINE & ASSOCIATES
>370 Washington Street
>Brookline, MA 02446
>617-566-2700

DATED: December 13, 2004