UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HARVEY PETERSIEL and )
JEAN PETERSIEL )
             )
    Plaintiffs, )
             )
v.           )   C.A. NO.: 04-12050 RCL
             )
BELL SPORTS CORP; )
BELL SPORTS, INC.; )
GIRO SPORT DESIGN )
INTERNATIONAL, INC.; )
and GSD LIQUIDATION, INC., )
f/k/a GIRO SPORT DESIGN, INC. )
             )
    Defendants. )

### DEFENDANTS, BELL SPORTS CORP, BELL SPORTS, INC., AND GIRO SPORT DESIGN INTERNATIONAL, INC.'S, REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The Plaintiffs concede that the three-year statute of limitations applicable to actions in tort for personal injury applies to the instant litigation and that unless saved by the *discovery rule* their cause of action is time-barred. Under Massachusetts law, tort actions must be brought within three years after the cause of action *accrues*. M.G.L. c. 260, § 2A. An action accrues on the happening of an event likely to put the plaintiff on notice. O'Rourke v. Jason Incorporated, 978 F.Supp. 41, 50 (D. Mass. 1997) citing Anthony's Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc., 396 Mass. 818 (1986). The general rule for claims in tort is that the action accrues when the accident happens and the person is injured. O'Rourke, 978 F.Supp. at 50; Quinn v. Walsh, 49 Mass. App. Ct. 696, 698 (2000); International Mobiles Corp. v Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 218 (1990); Gore v. Daniel O'Connell's

Sons, Inc. 17 Mass. App. Ct. 645, 647 (1984). Suspected negligence and harm are apparent at the time of the accident putting the plaintiff on notice and, as a result, the statute of limitations begins to run. International Mobiles Corp., 29 Mass. App. Ct. at 218.

When negligence and harm are *inherently unknowable*, as in the case of an undiagnosed and asymptomatic disease, Massachusetts applies the *discovery rule* which delays the running of the statute of limitations until the facts, as distinguished from the legal theory, are discernible. Saenger Organization, Inc. v. Nationwide Insurance Licensing Assoc., Inc., 199 F.3d 55, 65 (1997); O'Rourke, 978 F.Supp. at 51; Gore, 17 Mass. App. Ct. at 647. In order to avail himself of the discovery rule, the plaintiff must demonstrate that the claim was inherently unknowable even in retrospect. Saenger Organization, Inc., 199 F.3d at 65; Gore, 17 Mass. App. Ct. at 649. Under the discovery rule, the claim accrues on acquisition of the requisite knowledge that harm has or may have occurred and that the likely cause of such harm is the defendant's conduct. O'Rourke, 978 F.Supp. at 51. It is not necessary that the plaintiff appreciate the full extent or nature of the harm or understand that the defendant violated a legal duty or was responsible for the injury sustained. Lareau v. Page, 39 F.3d 384, 388 (1st Cir. 1994); Flanagan v. Grant, 897 F.Supp. 637, 643 (D. Mass. 1995), affirmed 79 F.3d 1 (1st Cir. 1996); Riley v. Presnell, 409 Mass. 239, 243 (1991); Quinn, 49 Mass. App. Ct. at 698. Any event reasonably likely to put the plaintiff on notice that some harm has or may have been occurred and what the likely cause of that harm is starts the statute running. Lareau, 39 F.3d at 388; Flanagan, 897 F.Supp. at 643; Riley, 409 Mass. at 243-244. A mere modicum of knowledge or suspicion is sufficient. Phinney v. Morgan, 39 Mass. App. Ct. 202, 209 (1995); Castillo v. Massachusetts General Hospital Chelsea Memorial Health Care Center, 38 Mass. App. Ct. 513, 516 (1995). Once on notice, the plaintiff assumes a duty to make inquiry and discover whether he has a claim within the

applicable period of time.  Lareau, 39 F.3d at 388; O'Rourke, 978 F.Supp. at 52; Bowen v. Eli Lilly & Co., 408 Mass. 204, 210 (1990).

   The facts of the instant case are not unlike those presented to the Court in O'Rourke.  The plaintiff in O'Rourke sustained burn injuries when a boiler door he was inspecting burst open unexpectedly.  Plaintiff's attorney recorded the wrong date of accident and, as a result, the complaint was filed one day late.  The plaintiff tried to invoke the discovery rule arguing that he was unable to determine the cause of his injury because he was hospitalized immediately after the accident and, although knew he had been burned, he was unaware that the design of the boiler door was in any way the cause of his injury.  O'Rourke, 978 F.Supp. at 44, 51. The Court in O'Rourke held that the plaintiff's reliance on the discovery rule was unavailing. O'Rourke, 978 F.Supp. at 51.  The facts regarding plaintiff's injury were readily available to him.  Id. at 52.  He was on notice that he had been injured and he possessed sufficient knowledge that someone may have caused his injury.  Id.  As in the instant case, the Court in O'Rourke noted, "the root of Plaintiff's problem, after all, is not the date of discovery, but his counsel's [mistake]."  Id. at 53; see also, Gore, 17 Mass. App. Ct. at 647-648 (plaintiff suffered a head injury as a result of a construction accident – the injury was not inherently unknowable – statute began to run as of the date of the accident).

   The general rule that the statute of limitations starts to run at the time of the accident applies to the instant litigation.  Plaintiffs' claims were not inherently unknowable and, therefore, the discovery rule is inapposite.  According to the Plaintiffs' Complaint, at the time of the accident, Harvey Petersiel's helmet shattered and he sustained head trauma and other injuries. The Plaintiffs were on notice of all facts necessary to trigger the statute of limitations.  Neither the Plaintiffs' Complaint nor their unsupported Opposition to Defendants' Motion to Dismiss

presents the facts necessary to survive the bar of the statute of limitations. See Local Rule 7.1(B)(2)(requiring that Affidavits and other supporting documents be filed with the Parties' Opposition). As in the O'Rourke case, the root of the Petersiels' problem is not the date of discovery of their cause of action, it is their counsel's failure to perfect service of the original Complaint filed in 2003.

> The Defendants,
>
> BELL SPORTS CORP.,
> BELL SPORTS, INC., and
> GIRO SPORT DESIGN
> INTERNATIONAL, INC.,
>
> By its Attorneys,
> Campbell Campbell Edwards & Conroy,
> Professional Corporation
>
> /s/ Mary M. McGoldrick
> Mary M. McGoldrick, BBO #550557
> James M. Campbell, BBO #541882
> One Constitution Plaza
> Boston, MA  02129
> (617) 241-3000

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2004, a true copy of the above document was sent by first-class mail, postage prepaid, to the following counsel of record:

Kenneth M. Levine, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA  02446

> /s/ Mary M. McGoldrick
> Mary M. McGoldrick